**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN R. WILLIAMS, | No. 08-17747 |
| Plaintiff - Appellant, | D.C. No. 5:03-cv-05158-RMW |
| v. | |
| COUNTY OF SAN MATEO; SHERIFF OF SAN MATEO COUNTY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted February 15, 2012
San Francisco, California

Before: THOMAS, FISHER, and IKUTA, Circuit Judges.

Christian Williams appeals the district court's grant of summary judgment in

his 42 U.S.C. § 1983 action in favor of defendants Sheriff Don Horsley, the San

Mateo County Sheriff Department, and the County of San Mateo. We reverse.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the parties are familiar with the factual and legal history of this case, we need not recount it here.

There are genuine issues of material fact as to plaintiff's claim that he was subject to unconstitutional punishment in violation of his Fourteenth Amendment rights. If a civil detainee is held under conditions similar to or more restrictive than the conditions imposed on criminal detainees, then a presumption arises that the detention is punitive and violates the civil detainee's rights under the Fourteenth Amendment. *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004).

Williams alleges that, although he was a civil detainee, he was treated the same as, or sometimes more restrictively than, criminal detainees. On its face, the affidavit by Greg Trindle, the Assistant Sheriff for San Mateo County, indicates that civil detainees were treated the same as criminal detainees. The Williams and Trindle affidavits also create genuine issues of material fact as to whether the County engages in a pattern and practice of subjecting civil detainees to the same or more restrictive conditions than criminal detainees. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694-95 (1978); *see also City of Canton v. Harris*, 489 U.S. 378, 387-91 (1989).

Williams has also raised a genuine issue of material fact as to Sheriff Horsley's supervisory liability, because a jury could reasonably find that the

Sheriff was aware of the policies and practices concerning the detention of civil detainees. *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991). As we have previously stated, "'acquiescence or culpable indifference' may suffice to show that a supervisor 'personally played a role in the alleged constitutional violations.'" *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005)). The Trindle affidavit presents evidence that civil detainees were subjected to the same conditions as criminal detainees. This evidence plausibly suggests that Sheriff Horsley, as the person "required by statute to take charge of and keep the county jail and the prisoners in it," *Redman*, 942 F.2d at 1446 (citing Cal. Gov. Code §§ 26605, 26610; Cal. Penal Code § 4006), acquiesced in the unconstitutional conduct of his subordinates.

Williams also alleges that his First, Fourth, and Fourteenth Amendment rights were violated because he was confined in squalid conditions, subjected to invasions of privacy, denied medical care, and denied the freedom to practice his religion. Insofar as these claims are separate from his claim of unconstitutional punitive treatment, the district court properly granted summary judgment, because

Williams failed to introduce evidence that the defendants have a policy or practice of subjecting inmates to such alleged constitutional violations.[1]

We vacate the grant of summary judgment and remand for proceedings consistent with this opinion. Given the complexity of the legal issues involved, we instruct the district court on remand to appoint counsel to assist Williams in pursuing his case. We need not, and do not, reach any other question presented by the parties.

**REVERSED AND REMANDED.**

---

[1]Williams also contends that the district improperly construed his evidentiary submissions. With reversal of summary judgment, his argument is now moot.

*Williams v. County of San Mateo*, 08-17747
IKUTA, Circuit Judge, dissenting in part:

Because a supervisor who lacks knowledge of any risk to inmate health or safety cannot be deliberately indifferent to such risk, the majority errs in concluding that Williams raised a genuine issue of material fact as to Sheriff Horsley's liability.

We use a "deliberate indifference" standard to analyze claims that a prison official violated pretrial detainees' constitutional rights by subjecting them to punitive treatment. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). Under this standard, a pretrial detainee must show that the prison official both was "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,'" and also actually drew that inference. *Id.* at 1242 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Supreme Court has made it clear that government officials are not liable for the misdeeds of their subordinates; rather, officials can be held liable under § 1983 only for their "own individual actions" that violate the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, Williams has not raised a genuine issue of material fact that Sheriff Horsley evinced "deliberate indifference." There is no evidence that Sheriff Horsley personally reviewed Williams's grievances or received any notice that

civil detainees were being treated the same as or less considerately than criminal detainees. *Cf. Starr v. Baca*, 652 F.3d 1202, 1209–11, 1216 (9th Cir. 2011) (noting evidence that the sheriff-defendant was directly informed of "numerous incidents" of inmate violence caused by the unconstitutional conduct of his deputies). Although the majority relies on the Trindle affidavit, maj. op. at 2–3, this offers no assistance, because the affidavit is entirely silent regarding the state of Sheriff Horsley's knowledge. In fact, Williams fails to cite any evidence that Sheriff Horsley was actually "aware of facts from which the inference could be drawn" that pretrial detainees were receiving inappropriate treatment, let alone that he actually drew that inference. *Farmer*, 511 U.S. at 837.

In short, Williams's claims against Sheriff Horsley are based solely on a theory of respondeat superior: because Sheriff Horsley was the ultimate supervisor of the prison system, he can be held liable. Because the Supreme Court has made clear that a supervisor cannot be held vicariously liable in this manner, *Iqbal*, 556 U.S. at 676, I respectfully dissent.